**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| Alan Grill, | Civil Action No.: _____ |
| Plaintiff, | |
| v. | |
| Enhanced Recovery Company, LLC; and DOES 1-10, inclusive, | **COMPLAINT** |
| Defendant. | |

For this Complaint, the Plaintiff, Alan Grill, by undersigned counsel, states as follows:

**JURISDICTION**

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the harassment of Plaintiff by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in the U.S. District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b), as Defendant transacts business in the State of Nevada.

**PARTIES**

4. The Plaintiff, Alan Grill ("Plaintiff"), is an adult individual residing in Las Vegas, Nevada, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Enhanced Recovery Company, LLC ("Enhanced"), is a business entity with an address of 8014 Bayberry Road, Jacksonville, FL 32256, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Enhanced and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be

joined as parties once their identities are disclosed through discovery.

7. Enhanced at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

A. **The Debt**

8. An unknown consumer allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Enhanced for collection, or Enhanced was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

B. **Enhanced Engages in Harassment and Abusive Tactics**

## FACTS

12. Within the last year, Enhanced contacted the Plaintiff in an attempt to collect the Debt.

13. On February 1, 2011, Enhanced sent an initial letter to Plaintiff notifying Plaintiff of his right to dispute the debt within 30 days.

14. Within the 30 day period, Plaintiff sent a letter to Enhanced on February 13, 2012, disputing the validity of the Debt. Enhanced signed for and received Plaintiff's letter on February 16, 2012.

15. To date, Enhanced has not responded to Plaintiff's dispute letter.

16. Enhanced thereafter continued to call Plaintiff without providing Plaintiff with verification of the Debt as required by law.

17. Plaintiff has verbally requested on multiple occasions that Enhanced cease contacting him and reiterating that the Debt does not belong to him. Enhanced responded to Plaintiff by stating that it will continue to call him despite his multiple requests to stop the calls unless the Debt was paid in full.

18. Thereafter, Enhanced continued to contact Plaintiff at an excessive and harassing rate, causing Plaintiff's telephone to ring as many as three (3) times a day in an attempt to collect the Debt.

C. **Plaintiff Suffered Actual Damages**

19. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

20. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, et seq.

21. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

23. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

24. The Defendants' conduct violated 15 U.S.C. § 1692g(b) in that Defendants continued collection efforts even though the debt had not been validated and reported negatively to the credit reporting agencies without revealing that the debt was in dispute.

25. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

26. The Plaintiff is entitled to damages as a result of Defendants' violations.

27. The Plaintiff has been required to retain the undersigned as local counsel and general counsel to protect their legal rights to prosecute this cause of action, and is therefore entitled to an award or reasonable attorneys' fees plus costs incurred.

## COUNT II
## HARASSMENT

28. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. The Defendants, through the course of conduct identified herein, has continuously harassed, badgered, annoyed, and worried the Plaintiff regarding the claim, in an intentional and/or negligent manner.

30. The Plaintiff has been required to retain the undersigned as local counsel and general counsel to protect his legal rights to prosecute this cause of action, and is therefore entitled to an award or reasonable attorneys' fees plus costs incurred.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants awarding the Plaintiff:

1. Actual damages including, but not limited to, the emotional distress the Plaintiff has suffered (and continues to suffer) as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy pursuant to 15 U.S.C. § 1692k(a)(1);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. Punitive damages; and

4. Such other and further relief that the Court may deem just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: June 27, 2012

Respectfully submitted,

By  */s/ Stephanie C. Herdman*

Stephanie C. Herdman, Esq.
Counsel to
Lemberg & Associates, LLC
1100 Summer Street
Stamford, Connecticut 06905
Tel.: (855) 301-2100 Ext. 5531
Fax: (888) 953-6237
sherdman@lemberglaw.com